`

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE CARLOTZ, INC. STOCKHOLDER DERIVATIVE LITIGATION | CONSOLIDATED<br>Civil Action No. 1:21-cv-01332-CFC |

## STIPULATION AND [PROPOSED] ORDER STAYING CASE

WHEREAS, on September 21, 2021, Plaintiff W. Kenmore Cardoza, Trustee of the W. Kenmore & Joyce M. Cardoza Revocable Trust Dated October 2, 2003 ("Cardoza") filed a shareholder derivative complaint in this Court in accordance with the forum selection provision of the Second Amended and Restated Certificate of Incorporation and Amended and Restated Bylaws of CarLotz, Inc. ("CarLotz" or the "Company"), purporting to assert claims on behalf of CarLotz against Michael W. Bor and Thomas W. Stoltz for alleged violations of Section 10(b) and 21D of the Securities Exchange Act of 1934 (the "Exchange Act") and against Mr. Bor, David R. Mitchell, Luis Ignacio Solorzano Aizpuru, Kimberly H. Sheehy, Linda B. Abraham, Steven G. Carrel, Sarah M. Kauss, and James E. Skinner for alleged breaches of fiduciary duty, captioned *Cardoza v. Mitchell, et al.*, Case No. 1:21-cv-01332-CFC (the "*Cardoza* Action") (*Cardoza* Action ECF 1);

WHEREAS, at the time that the *Cardoza* Action was filed, no other derivative action nominally on behalf of CarLotz had been filed in any state or federal court arising out of the same or similar facts and circumstances alleged in the complaint;

WHEREAS, at the time that the *Cardoza* Action was filed, plaintiff Daniel G. Erdman had commenced a putative securities fraud class action against CarLotz, Michael W. Bor, and Thomas W. Stolz, captioned *Erdman v. CarLotz, Inc., et al.*, Case No. 1:21-cv-05906 (the "Federal Securities Action"), on behalf of a putative class of persons and entities that purchased or otherwise

acquired securities of Acamar Partners Acquisition Corp. or CarLotz between December 30, 2020 and May 25, 2021 (Federal Securities Action ECF 1);

WHEREAS, on December 17, 2021, the parties submitted a Stipulation and [Proposed] Order deeming the complaint filed in the *Cardoza* Action to be personally served effective that day on all Defendants who had yet to be served, provided that each Defendant expressly reserves and does not waive any and all rights, defenses, and other objections (other than insufficient process or insufficient service of process) (*Cardoza* Action ECF 4 ¶ 1), which the Court so-ordered on December 20, 2021 (ECF 5);

WHEREAS, the parties filed a Stipulation and [Proposed] Scheduling Order on February 14, 2022, requiring plaintiff in the *Cardoza* Action to file an amended complaint on or before April 1, 2022; Defendants to answer or otherwise respond to the amended complaint within thirty (30) days thereafter; and the parties to meet and confer within seven (7) days of the date of the filing of the amended complaint with respect to next steps and/or a proposed schedule for the conduct of further proceedings (ECF 8), which the Court so-ordered on February 15, 2022 (ECF 9);

WHEREAS, on March 31, 2022, plaintiff Mohammad Osman filed a shareholder derivative complaint purporting to assert claims on behalf of CarLotz, captioned *Osman v. Bor, et al.*, Case No. 1:22-cv-00431-CFC (the "*Osman* Action") (*Osman* Action ECF 1);

WHEREAS, plaintiff in the *Cardoza* Action filed an amended complaint on April 1, 2022 (ECF 10), against the same Defendants as in the original complaint, asserting the same claims as in the original complaint, and adding new claims, including under Section 14(a) of the Exchange Act and state law claims for unjust enrichment;

WHEREAS, on April 13, 2022, plaintiff in the *Cardoza* Action moved to consolidate the *Cardoza* Action and the *Osman* Action and appoint lead counsel (*Cardoza* Action ECF 12);

WHEREAS, on April 27, 2022, plaintiff in the *Cardoza* Action and Defendants filed a Stipulation and [Proposed] Order staying the *Cardoza* Action pending the entry of an order finally resolving the plaintiff's motion to consolidate cases and appoint lead counsel (ECF 18 ¶ 1) and providing that Defendants shall likewise not be required to move, answer, or otherwise respond to any substantially similar derivative complaint in any action that is consolidated with the *Cardoza* Action (¶ 2), which the Court so-ordered on April 28, 2022 (ECF 19);

WHEREAS, on June 15, 2022, plaintiff in the *Cardoza* Action and plaintiff in the *Osman* Action filed a Stipulation and [Proposed] Order regarding the consolidation of the two Actions into *In re CarLotz, Inc. Stockholder Derivative Litigation*, Civil Action No. 1:21-cv-01332-CFC (the "Consolidated Action") and the appointment of co-lead counsel (ECF 24), which the Court so-ordered on June 16, 2022 (June 16, 2022 Text Order);

WHEREAS, the Court's June 16, 2022 Order provides that the scheduling of further proceedings shall remain consistent with the Court's Order dated April 28, 2022 (ECF 24 ¶ 10), which in turn provides that within fourteen (14) days of the final resolution of plaintiff's motion to consolidate cases and appoint lead counsel, the parties shall meet and confer to determine appropriate next steps and promptly submit a joint proposed scheduling order for the Court's review and approval (ECF 19 ¶ 3);

WHEREAS, the parties agree that the Consolidated Action involves certain of the same parties and allegations as the Federal Securities Action, which briefing on defendants' motion to dismiss the Second Amended Complaint (the "SAC") is scheduled to conclude by October 6, 2022 (Federal Securities Action ECF 62); and

3

WHEREAS, on June 24, 2022, the parties met and conferred in good faith on next steps for the conduct of further proceedings in the Consolidated Action and agree that the interests of preserving the parties' and the Court's resources and ensuring efficient and effective case management would be best served by staying this Action pending the entry of an order resolving the motion to dismiss the SAC by defendants in the Federal Securities Action and have further agreed on certain terms, noted below, which will remain in effect during the pendency of the stay or as otherwise specified below.

NOW, THEREFORE, the parties, by and through their undersigned counsel and subject to the Court's approval, stipulate and agree as follows:

1.      This Action, including all hearings and deadlines, shall be stayed pending the entry of an order finally resolving the motion to dismiss the operative complaint by defendants in the Federal Securities Action and the resolution of any appeals therefrom or expiration of the time to appeal therefrom.

2.      Plaintiffs may file an amended complaint or designate an operative complaint while this Action is stayed.

3.      Defendants shall be under no obligation to move, answer, or otherwise respond to any complaint while this Action is stayed.

4.      During the pendency of the stay, should any documents be produced by CarLotz in response to any "books and records" demand under 8 *Del. C.* § 220, or if any documents were produced by CarLotz before the pendency of the stay in response to any such "books and records" demand, Plaintiffs will promptly be given copies of those books and records (the "Produced Documents") pursuant to a confidentiality agreement acceptable to the Parties, governing the use

of confidential information. The Produced Documents shall be the only documents made available to Plaintiffs during the pendency of the stay.

5.      During the pendency of the stay, counsel for Defendants shall promptly notify counsel for Plaintiffs in the event any documents are produced by CarLotz in the Federal Securities Action and/or to plaintiff(s) in any related derivative action.

6.      Counsel for Defendants shall promptly notify counsel for Plaintiffs of any related derivative actions of which they became or become aware.

7.      If the plaintiff in any related derivative action declines to agree to a stay of proceedings of at least the same duration as the stay established through this Stipulation and Order or if contested motion practice begins, Plaintiffs have the option to terminate the stay by giving thirty (30) days' notice via email to the undersigned counsel for Defendants.

8.      Mediation:

a.      In the event the motion to dismiss the operative complaint by defendants in the Federal Securities Action is denied in whole or in part and the parties to the Federal Securities Action thereafter agree to mediate their dispute, or they otherwise agree to mediate their dispute (the "Federal Securities Mediation"), Plaintiffs may participate in such Federal Securities Mediation, provided that all parties to the Federal Securities Action consent thereto. Plaintiffs shall have the sole and exclusive responsibility of obtaining consent from the parties in the Federal Securities Action to participate in the Federal Securities Mediation, and Defendants shall have no obligation with respect thereto.

b.      In the event the parties to the Federal Securities Action do not consent to Plaintiffs' participation in the Federal Securities Mediation, as set forth in subsection (a) above, Plaintiffs may request that the Parties mediate their dispute separately at or about the same time as

5

the Federal Securities Mediation.  In such event, Defendants shall have no obligation to agree to Plaintiffs' request unless (i) Plaintiffs first use their best efforts to procure the consent of the parties in the Federal Securities Action to participate in the Federal Securities Mediation and (ii) Plaintiffs do not reject any reasonable conditions that any party to the Federal Securities Action may impose before consenting to Plaintiffs' participation in the Federal Securities Mediation.

9.      Within thirty (30) days after the final resolution of the motion to dismiss the operative complaint by defendants in the Federal Securities Action and the resolution of any appeals therefrom or expiration of the time to appeal therefrom, the Parties shall meet and confer to determine appropriate next steps in this Action and, should an agreement be reached, will promptly submit a joint proposed scheduling order for the Court's review and approval.

10.     In the event that Defendants agree to terms or conditions in connection with any stipulation, agreement, or motion to stay a related derivative action that are more favorable to the plaintiff(s) therein, those more favorable terms or conditions shall be deemed incorporated into this agreement.

11.     Nothing in this Stipulation shall be construed as a waiver of any and all defenses or arguments that any Party might otherwise have (including, by way of example only, improper venue, lack of personal jurisdiction or lack of subject matter jurisdiction), and the Parties reserve all rights.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Respectfully submitted,

Dated: July 12, 2022

**BIELLI & KLAUDER, LLC**

By: */s/ Ryan M. Ernst*
Ryan M. Ernst, Esq. (No. 4788)
1204 N. King Street
Wilmington, DE 19801
Telephone: (302) 803-4600
Facsimile: (302) 397-2557
Email: rernst@bk-legal.com

**GAINEY McKENNA & EGLESTON**
Thomas J. McKenna
Gregory M. Egleston
501 Fifth Avenue, 19th Floor
New York, NY 10017
Tel.: (212) 983-1300
Email: tjmckenna@gme-law.com
Email: egleston@gme-law.com

**COOCH AND TAYLOR P.A.**

By: */s/ Blake A. Bennett*
Blake A. Bennett (No. 5133)
1007 N. Orange Street, Suite 1120
Wilmington, DE 19801
Phone (302) 984-3800

**LIFSHITZ LAW PLLC**
Joshua M. Lifshitz
1190 Broadway
Hewlett, NY 11557
Telephone: (516) 493-9780
Facsimile: (516) 280-7376

*Co-lead Counsel for Plaintiffs*

Dated: July 12, 2022

**POTTER ANDERSON & CORROON LLP**

By: */s/ Tyler J. Leavengood*
Michael A. Pittenger (#3212)
Tyler J. Leavengood (#5506)
1313 N. Market Street

7

Hercules Plaza, 6th floor
Wilmington, DE
Tel.: (302) 984-6000
mpittenger@potteranderson.com
tleavengood@potteranderson.com

**FRESHFIELDS BRUCKHAUS
DERINGER US LLP**
Mary Eaton *(pro hac vice)*
Nicholas A. Caselli *(pro hac vice)*
601 Lexington Avenue, 31st Floor
New York, New York 10022
Tel.: (212) 277-4000
mary.eaton@freshfields.com
nicholas.caselli@freshfields.com

*Counsel for Defendants*

**IT IS SO ORDERED** this ___13TH___ day of ___July___ 2022

_____
HONORABLE COLM F. CONNOLLY
CHIEF UNITED STATES DISTRICT JUDGE

8